# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DON RUDELL RANSOM,** } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: 2:06-CR-251-RDP-PWG |
| } | |
| **UNITED STATES OF AMERICA,** } | |
| } | |
| Respondent. } | |

## MEMORANDUM OF DECISION

Petitioner Don Rudell Ransom filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. #94). Contained within that motion is a further Motion to reduce Petitioner's sentencing range based on an amendment to the U.S. Sentencing Guidelines.[1] (Doc. #94). *See* 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c). Petitioner Ransom files his motion requesting that this court modify or reduce his sentence based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). For the reasons stated herein, the court concludes that Petitioner's motion for reduction of sentence is due to be denied.

---

[1] This Memorandum of Decision will address only Petitioner's request for reduction in his sentencing range pursuant to 18 U.S.C. § 3582(c). That portion of Petitioner's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence by a person in federal custody will be addressed by separate order.

**I.      Background**

In May 2007, the U. S. Sentencing Commission ("Sentencing Commission") submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, Amendment 706 (hereinafter referred to as the "Crack Amendment"), represented the Sentencing Commission's attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses.  *See* United States Sentencing Comm'n, Report to Congress:  Cocaine and Federal Sentencing Policy (May 2007) (the "2007 Report"); *see also Kimbrough v. United States*, 128 S.Ct. 558, 569 (2007) (describing Commission's amendments to Sentencing Guidelines).  In the absence of Congressional action to amend the 100:1 ratio found in the Title 21 statutes, the Sentencing Commission proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, the base offense level assigned to each threshold quantity of crack listed in the Drug Quantity Table in Guideline § 2D1.1.  *See* U.S.S.G. § 2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. To App'x C, Amend. 706.

All of the proposed amendments, including the Crack Amendment, became effective on November 1, 2007.  In December 2007, following a period of public discussion, the Sentencing Commission voted to apply the Crack Amendment retroactively to cases decided before November 1, 2007.  The effective date for retroactive application of the Crack Amendment was March 3, 2008.  The Sentencing Commission also amended Guideline § 1B1.10 to include the Crack Amendment (hereinafter referred to as the "Amended Policy Statement").  Thus, as of March 3, 2008, the Crack Amendment and Amended Policy Statement apply to all relevant sentences, old and new.  All of this

was accomplished pursuant to the Sentencing Commission's authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

**II.   Analysis**

With that background, the court now turns to that part of the current motion (Doc. #94) filed by Petitioner to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2) and § 1B1.10(c). Petitioner's motion seeks relief under the Crack Amendment and the Amended Policy Statement.

The focus of Petitioner's § 3582(c)(2) motion is the 120 month sentence imposed upon him on January 4, 2007. Petitioner argues that the amendments to 18 U.S.C. § 3582(c)(2) authorizes "the district court to reduce a defendant's sentencing range based on an amendment to the U.S. Sentencing Guidelines, which the Commission has determined retroactively applicable" and that "because [he] is entitled to a reduction in his sentence based upon Amendment 706 ("crack") to the U.S. Guideline, this court may entertain reduce [*sic*] his sentence under 3582(c)(2)."

Petitioner was found guilty by jury verdict on two counts of violating Title 21, U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2, aiding and abetting in the possession with intent to distribute a mixture and substance containing five (5) grams or more of cocaine base, more commonly referred to as "crack." Petitioner was sentenced to 120 months as to Counts One and Two separately, to run concurrently. This term of 120 months is the minimum statutory penalty in those counts. Therefore, because Petitioner received the minimum statutory penalty in those counts, he is not eligible for relief pursuant to U.S.S.G. § 1B1.10, comment.(n.1A(ii)), or 18 U.S.C. § 3582(c). *See United States v. Lewis*, 305 Fed.App'x. 571 (11th Cir. 2008), (citing *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008)).

**III.   Decision**

Because the Crack Amendment and Amended Policy Statement did not (and could not) have any effect on the statutory minimum penalty set by Congress, this court finds that Petitioner is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G § 1B1.10.[2] Specifically, U.S.S.G § 1B1.10 removes from consideration those defendants who were sentenced to a statutory minimum sentence.[3]

Accordingly, that portion of Petitioner's motion to reduce his sentencing range based on an amendment to the U.S. Sentencing Guidelines is due to be denied. A separate order will be entered in accordance with the court's decision.

**IV.   Notice of Appeal Rights**

Should Petitioner consider an appeal of the court's decision, a § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten (10) days from the entry of the judgment or order being appealed. *See, United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P.* 4(b)(1)(A)(i). If Petitioner was represented by appointed counsel at trial or on appeal,

---

[2] U.S.S.G. § 1B1.10(a)(2)(B) states as follows: "<u>Exclusions</u>. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if – . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

[3] U.S.S.G. § 1B1.10, comment.(n.1.(A)(ii)) states as follows: "<u>Eligibility</u>. – Eligibility for consideration . . . is triggered only by an amendment . . . that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized . . . if (ii) an amendment is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a **statutory mandatory minimum term of imprisonment**)." (Emphasis added).

Petitioner is not required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. If Petitioner was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, Petitioner should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files his notice of appeal from the denial of the § 3582(c)(2) motion.  The Clerk is **DIRECTED** to provide Petitioner with an application to proceed *in forma pauperis* form.

    **DONE** and **ORDERED** this ____30th____ day of November, 2009.

                                                **R. DAVID PROCTOR**
                                                UNITED STATES DISTRICT JUDGE